UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTY MONCION,

                              Plaintiff,

                  -against-

HANNUM FERETIC PRENDERGAST
MERLINO,

                              Defendant.

23-CV-4822 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendant Hannum Feretic Prendergast Merlino LLC, a law firm, violated her rights. By order dated June 8, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Betty Moncion brings her claims using the court's general complaint form to which she attaches a one-page statement of her claims. She checks the box on the complaint form to invoke the court's federal question jurisdiction, and in response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "They violate my rigth. The layer from that law firm. Erol Burgan." (ECF 1, at 2.)[1]

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

The following allegations can be gleaned from the one-page attachment to the complaint. Plaintiff is suing Defendant for "tak[ing her] information from the court and send[ing] people to [her] house." (*Id.* at 8.) Somebody came to Plaintiff's door three times on different days. The last time someone came to her door, on February 16 of an unspecified year, "my daughter call me crying told me some body knocked the door and she very scared[.] I told her call the police because [there] can be danger." (*Id.*) Plaintiff states that nobody knows where she lives, and she does not give her address to anybody. She writes, "[T]hat law office have my P.O. Box and I receive every thing from there in my P.O. Box. They send people. To. My house." (*Id.*)

Plaintiff further alleges, "To perpuse I believe the lawyer represent the defendant in one case I sued geek shop store in Brooklyn where I was injured[.] This lawyer or some body in the case go into the court and check my information. And use my address for send people to my house." (*Id.*) Erol Burgan, "the lawyer of the defendant" assaulted Plaintiff and "used discrimination against me before I call him from asking about some court pape[r] he send to me and he always screaming me told me I don't know English." (*Id.*)

It appears that Burgan represented a store in which Plaintiff was injured and he "refused to pay for all my injury I suffer in the store owner he represent." (*Id.*) Plaintiff appears to allege that Burgan "intimidated" her using racism and defamation. (*Id.*)

Plaintiff seeks $200,000 for defamation and discrimination.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff checks the box on the complaint form to invoke the Court's federal question jurisdiction, but she does not allege facts showing that the court can consider her claims under its federal question jurisdiction. Plaintiff asserts that Defendant violated her rights, but a claim for relief under the federal civil rights statute, 42 U.S.C. § 1983, must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or

usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). Because Defendant Hannum Feretic Prendergast & Merlino LLC is a private law firm that is not alleged to have been working for any state or other government body when it took the actions that Plaintiff complains of, it cannot be held liable under Section 1983.

To the extent that Plaintiff asserts claims under state law, she does not allege facts sufficient to show that the Court has diversity of citizenship jurisdiction of this action. To establish diversity jurisdiction, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. 28 U.S.C. § 1332; *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232

F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* "[A] limited liability company . . .[,] [however,] takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

In addition, for diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff does not allege sufficient facts to demonstrate the Court has diversity jurisdiction of her claims. Plaintiff alleges that she resides in New York. Defendant, however, is a limited liability company and therefore takes on the citizenship of each of its members. Plaintiff does not identify or allege the citizenship of the members of the Defendant limited liability company. Furthermore, although she seeks $200,000 in damages, it is unclear from the complaint that Plaintiff's claims are worth in excess of the $75,000 statutory minimum.

The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint demonstrating that the Court has subject matter jurisdiction of her claims. To invoke the court's federal question jurisdiction, Plaintiff must allege facts demonstrating that her claims arise under federal law. To bring state law claims, such as defamation, under the court's diversity of citizenship jurisdiction, Plaintiff must allege facts showing that Defendant is a citizen of a state other than New York and that her claims are worth in excess of $75,000.

**B.      Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to amend her complaint to allege facts demonstrating that the Court has subject matter jurisdiction of her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' to replead her claims in an amended complaint. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4822 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will enter judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 10, 2023
       New York, New York

               /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

\_\_\_\_ **Civ.** _____ ( \_\_\_\_ )

**AMENDED
COMPLAINT**

Jury Trial:   ☐ Yes      ☐ No
(check one)

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
identification number and the name and address of your current place of confinement.  Do the same
for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____
               Street Address _____
               County, City _____
               State & Zip Code _____
               Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual.  Include the address where
each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 2        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 3        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 4        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


## II.     Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions                ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

        _____

        _____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____

        _____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur?  _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur?  _____

_____

_____

C.    Facts:  _____

_____

_____

What happened to you?

_____

_____

_____

Who did what?

_____

_____

_____

Was anyone else involved?

_____

_____

Who else saw what happened?

_____

_____

_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address            _____

                            _____

                            _____

Telephone Number          _____

Fax Number *(if you have one)*   _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

Inmate Number            _____

*Rev. 12/2009*                                4